**UNITED STATES of America,**
**Plaintiff,**

v.

**FOUR UNITS ALL TERRAIN**
**VEHICLES, et al.,**
**Defendants.**

**Civil No. 09–2209 (FAB).**

United States District Court,
D. Puerto Rico.

April 19, 2011.

German A. Rieckehoff, United States Attorneys Office, San Juan, PR, for Plaintiff.

Alberto J. Castaner–Padro, III, Castaner Law Offices, Guaynabo, PR, for Defendants.

## MEMORANDUM & ORDER

BESOSA, District Judge.

Before the Court is the government's motion in response to an order to show cause why summary judgment should not be granted against it pursuant to Federal Rule of Civil Procedure 56(f) ("Rule 56(f)"). (Docket No. 51.) Having considered that motion and the stipulations made in the joint pretrial order submitted by the parties, the Court **DENIES** the government's motion, (Docket No. 51), and **GRANTS** summary judgment against the government.

## I. Procedural Background

On December 3, 2009, the government filed a complaint requesting the forfeiture of four all-terrain vehicles ("ATV's") and four boxes of spare parts for those vehicles. (Docket No. 1.) The complaint alleges that the ATV's and spare parts were

imported into the United States without proper certification by the Department of Transportation of compliance with federal safety standards. *Id.* On March 18, 2010, claimant Rafael Baretti ("claimant") filed a motion for summary judgment, arguing that the ATV's and spare parts were not subject to the required DOT safety certification because the ATV's were not "motor vehicles" subject to the relevant regulation. (Docket No. 17.) On February 3, 2011, the Court denied the motion for summary judgment because the claimant did not properly submit supporting exhibits. (Docket No. 44.)

On March 4, 2011, the parties jointly filed a proposed pretrial order which included, *inter alia,* their respective legal theories, factual contentions, and factual stipulations. (Docket No. 49.) In that proposed pretrial order, the parties both focus their arguments on one issue; "whether the [relevant All Terrain Vehicle ("ATV") ] is a 'motor vehicle.' " *See id.* at 7. The parties further stipulated that the ATV's were "manufactured primarily for off-road use." *Id.* at 22. Given that stipulation and the relevant statutory definition of a "motor vehicle," the Court ordered the government to show cause as to why summary judgment should not be granted in favor of the claimant. (*See* Docket No. 50.) On March 16, 2011, the government filed a motion in response to the Court's order, requesting that the Court refrain from granting summary judgment against it. (Docket No. 51.)

## II. Legal Analysis

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Pursuant to Rule 56(f), a court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute [and] giving [the parties] notice and a reasonable time to respond." Fed.R.Civ.P. 56(f). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and [a party] is entitled to judgment as a matter of law." *See* Fed. R.Civ.P. 56(a)-(f). Given the limited scope of the legal and factual issues in this case and the factual stipulations made by the parties in their proposed pretrial order, the Court finds summary judgment against the government warranted.

The principal legal issue in this case is, as framed by the government, "whether the [relevant All Terrain Vehicle ("ATV") ] is a 'motor vehicle.' " (*See* Docket No. 49 at 7.) The regulations which were allegedly violated, and used as the legal justification for the seizure and forfeiture of the ATV's, only apply to "motor vehicles" as defined by statute. *See* 19 U.S.C. § 1595a(c)(2)(B); 49 U.S.C. §§ 30102(a)(6), 30112(a). A motor vehicle is "a vehicle driven or drawn by mechanical power and **manufactured primarily for use on public streets, roads, and highways.**" 49 U.S.C. § 30102(a)(6) (emphasis added). Thus, the key factual issue is whether the ATV's in question were primarily manufactured for that purpose, or for some other purpose. *See* 19 U.S.C. § 1595a(c)(2)(B); 49 U.S.C. § 30112(a).

█ It is clearly stated in the "stipulated facts" section of the joint proposed pretrial order that the type of ATV involved in this case "is manufactured **primarily for off-road use.**" *Id.* at 22 (emphasis added). This factual stipulation seems to bear directly on the ultimate factual issue framed above because it places the ATV's outside the statutory definition of "motor vehicle" and the scope of the regulations that the government argues warrant forfeiture of the property named in the complaint. *See* 49 U.S.C. § 30102(a)(6).

In its response to the Court's order to show cause, the government argues that the stipulation regarding the purpose for which the ATV's were manufactured was intended to be paired with another factual stipulation in the pretrial order. (See Docket No. 51.) That other stipulation highlights a warning in the ATV owner's manual stating that "[i]nformation in this *Operator's Guide* is limited. It is strongly recommended that you obtain further information and training from your local authorities." (Docket No. 49 at 23; Docket No. 51.) The government argues that reading the two factual stipulations together supports the proposition that "the manufacturer intends to manufacture and market the product as an off-road vehicle, but that local authorities will have the last word regarding safety measures and considerations." (Docket No. 51 at 2.)

 The government further contends that although the manufacturer may have intended to manufacture the ATV's primarily for off-road purposes, the DOT "evaluated numerous factors, and found these particular ATVs to be 'motor-vehicles,' which must comply with the [relevant] certification and importation requirements." Despite its arguments about the effect of various factual stipulations, the government does not contest the clear terms of the stipulations that appear in the pretrial order. "[F]actual stipulations are 'formal concessions ... that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission ... is conclusive in the case.'" *Id.* (citing 2 K. Broun, McCormick on Evidence § 254, p. 181) (6th ed. 2006). Whatever the government argues about its interpretation of the facts stipulated in the pretrial order or other factors which were considered by the DOT in making the decision to seize the ATV's, the express factual stipulation remains that those vehicles were "manufactured primarily for off-road use," rather than "primarily for use on public streets, roads, and highways" as required by the statutory definition of a "motor vehicle." (*See* Docket No. 49 at 23); 49 U.S.C. § 30102(a)(6). No rational factfinder, given that factual stipulation and the statutory language which it so closely tracks, could find that the ATV's named in the complaint were manufactured **primarily** for the purposes necessary to make them "motor vehicles" within the scope of the statutory scheme that the government relies on to justify their forfeiture. *See* 19 U.S.C. § 1595a(c)(2)(B); 49 U.S.C. §§ 30102(a)(6), 30112(a). Accordingly, summary judgment must be granted against the government and in favor of the claimant. *See* Fed.R.Civ.P. 56(a)-(f).

### III. Conclusion

For the reasons described above, the Court **DENIES** the government's motion, (Docket No. 51), and **GRANTS** summary judgment against the government and in favor of the claimant.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**